## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **TANYA PERRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION** |
| | ) | **FILE NO.** _1:14-cv-713-MHS_ |
| **CITY OF CONYERS, GEORGIA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiff Tanya Perry ("Plaintiff"), by and through undersigned counsel,
brings this Complaint against Defendant City of Conyers ("Defendant Conyers"),
under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*.
("FLSA") for Defendant's willful failure to pay Plaintiff's overtime compensation
and for other relief on the grounds set forth herein and states as follows:

## JURISDICTION AND VENUE

### 1.

This Court has jurisdiction over this claim in controversy as it arises from a
federal question under 29 U.S.C. §216(b), involving claims arising out of the
unlawful employment practices described herein during Plaintiff's employment
with the Defendant City of Conyers.

2.

Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b)(2), 29 U.S.C. §216(b), and L.R. 3, Northern District of Georgia, because all, or substantially all, of the unlawful employment practices alleged in this Verified Complaint occurred in this District.

**PARTIES**

3.

Plaintiff is a resident of the State of Georgia and is subject to the jurisdiction of this Court.

4.

Defendant Conyers is a municipality located in Rockdale County, Georgia and may be served through its Mayor, Randal S. Mills, at 1184 Scott Street NE Conyers, GA   30012.  Defendant Conyers is subject to the jurisdiction and venue of this Court.

5.

The City of Conyers Police Department is a city government agency and division of the City of Conyers, Georgia located in Rockdale County, Georgia.

6.

Plaintiff worked for Defendant at the City of Conyers Police Department from July 2010 through the present.

7.

Plaintiff is an "Employee" as defined under the FLSA, 29 U.S.C. §203(e)(2)(c).

8.

Plaintiff performed non-exempt labor for the Defendant within the last three (3) years.

9.

During her employment with the Defendant, Plaintiff consistently worked more than 171 hours in a consecutive 28 day period and was not paid the overtime wage differential required under the FLSA, 29 U.S.C. §207.

10.

Upon information and belief, Defendant is Plaintiff's "Employer" pursuant to 29 U.S.C. §203(d).

## FACTUAL ALLEGATIONS

11.

During the past three years, through the present time, Plaintiff worked for Defendant as a Lieutenant in the City of Conyers Police Department, which is a public agency in the State of Georgia.

12.

Plaintiff was hired by Defendant in July 2010 as a Police Lieutenant with the City of Conyers Police Department.

13.

FLSA guidelines require that law enforcement personnel who work more than one hundred seventy one (171) hours in a twenty-eight (28) day consecutive period be paid overtime for time worked over the one hundred seventy one (171) hours.

14.

During the past three years, and specifically during the period from March 12, 2012 through August 26, 2012, Plaintiff routinely worked more than 171 hours in a 28 day consecutive work period. Defendant failed to keep track of these hours.

15.

Plaintiff was not compensated for all hours worked, even though she consistently worked more than 171 hours.

16.

Defendant failed to pay Plaintiff any overtime wage differential as required by FLSA 29 U.S.C. §207 for all occasions when Plaintiff worked more than 171 hours in a 28 day consecutive work period.

4

17.

Defendant managed, controlled, and directed the tasks, hours, schedule, and manner of payment for Plaintiff during the past three years.

18.

Defendant failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §207 and/or §213.

19.

Plaintiff, as a non-exempt employee, was required to be compensated at the rate of one and one half times her hourly rate for each hour worked in excess of 171 hours in a 28 day consecutive work period.

20.

Defendant knew or should have known that the FLSA overtime wage differential applied to Plaintiff.

21.

Upon information and belief, Defendant paid other, similarly situated employees the FLSA overtime wage differential for the overtime they worked, but failed to do so for the Plaintiff.

22.

Upon information and belief, when the Defendant refused to pay Plaintiff the overtime wage differential as required by federal law, Defendant was not relying on any letter ruling from the Department of Labor indicating that Plaintiff was not entitled to the overtime wage differential.

23.

Upon information and belief, Defendant was informed, through its employees and agents, that it had failed to pay the required overtime wage differential to Plaintiff, but failed to rectify its errors and comply with the law.

24.

Defendant is liable to Plaintiff for any and all time worked in excess of 171 hours in a 28 day consecutive work period of at least one and one half times her calculated hourly rate.

25.

Defendants' conduct constitutes willful violations of 29 U.S.C. §207 and 215 of the FLSA, entitling Plaintiff to all relief available under the FLSA, including an award of liquidated damages, attorney fees, and costs of litigation pursuant to 29 U.S.C. §216.

## COUNT ONE

## VIOLATION OF FLSA 29 U.S.C. §§ 207, 215

26.

Plaintiff incorporates Paragraphs 1 through 25 as if the same were fully expressed herein.

27.

Defendant's failure to compensate Plaintiff for her time actually worked in excess of 171 hours in a 28 day consecutive work period on the basis of one and one half times her calculated rate of pay is a violation of FLSA 29 U.S.C. §§207 and 215.

28.

Defendant suffered and required Plaintiff to routinely work more than 171 hours in a 28 day consecutive work period without paying Plaintiff the overtime wage differential to which she is entitled.

29.

Defendant's violations are intentional and willful as Defendant knew, or should have known, that it was required to pay Plaintiff an overtime wage differential pursuant to the FLSA.

30.

Defendant willfully failed to accurately report, record, and/or preserve records of hours actually worked by Plaintiff, and thus failed to make, keep, and preserve records with respect to its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of FLSA.

31.

Defendant's conduct was willful and in bad faith.

32.

 Defendant's willful and bad faith violation gives rise to a claim for relief pursuant to FLSA 29 U.S.C. §216.

WHEREFORE, Plaintiff requests that this Court

1)  Grant a trial by jury as to all triable issues of fact;

2)  Issue a judgment awarding Plaintiff:

   a.  All unpaid overtime wage differential pursuant to FLSA 29 U.S.C. §207;

   b.  Liquidated damages as provided by 29 U.S.C. §216;

   c.  Pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216;

   d.  Court costs, expert witness fees, attorney fees, and other expenses of litigation as provided under 29 U.S.C. §216;

e.  Any and all other remedies allowed under the FLSA; and

3)  Any and all such other relief this Court allows.

This 11th day of March, 2014.

LoRusso Law Firm, P.C.

s/ Lance J. LoRusso
Lance J. LoRusso
Georgia Bar No.  458023
Rebecca L. Sample
Georgia Bar No. 311079

1827 Powers Ferry Road
Building 8, Suite 200
Atlanta, Georgia   30339
770-644-2378
770-644-2379 (fax)
lance@lorussolawfirm.com
rebecca@lorussolawfirm.com

This document appears in Times New Roman 14 point font.