## SETTLEMENT AGREEMENT AND MUTUAL
## FULL AND FINAL RELEASE – SUBJECT TO COURT APPROVAL

1. This Agreement covers all understandings between Tanya Perry (hereinafter referred to as "Plaintiff," a term which includes Plaintiff's successors, beneficiaries, personal representatives, and heirs), and the City of Conyers, Georgia (hereinafter referred to as "Defendant," a term which is defined to include any and all related entities, as well as all respective former and current directors, administrators, agents, officers, supervisors, employees, attorneys, representatives, insurers, and officials (all in their official and individual capacities), as well as their heirs, executors, administrators, predecessors, successors, insurers, assigns, and all other persons, partnerships, firms or corporations, and their insurers who are related to the City of Conyers.

2. For and in consideration of the mutual promises made in this Agreement, Plaintiff agrees as follows:

   A. To settle and release any and all claims under the Federal Labor Standards Act ("FLSA") which Plaintiff has against Defendant related to Plaintiff's employment with Defendant, which arose or may have arisen prior to March 11, 2014.

   B. That this settlement is the compromise of a disputed claim and does not constitute an admission by Defendant of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiff's rights or of any duty owed by Defendant to Plaintiff.

   C. Upon Plaintiff's attorney's receipt of the payments described in Paragraph 3, below, that her attorney, Lance J. LoRusso, may take in conjunction with Defendant's attorney all actions necessary to obtain judicial approval of this settlement in the matter of <u>Tanya Perry v. the City of Conyers, Georgia</u>, Civil Action File 1:14-cv-713-MHS, currently pending in the United States District Court, Northern District of Georgia, including specifically and without limitation, filing in coordination with Defendant a joint motion for judicial review and approval of this Settlement Agreement and permitting dismissal of the matter. This Settlement Agreement is subject to such judicial approval.

3. For and in consideration of the mutual promises made in this Settlement Agreement, Defendant agrees to pay Plaintiff the total consideration of nineteen thousand two hundred ninety-four dollars and ninety-seven cents ($19,294.97). Within ten days of Plaintiff returning an executed copy of this Settlement Agreement by email or facsimile to Defendant' counsel, Albert Chapar, Jr., Defendant shall render payment to Plaintiff's attorney as follows: Defendant shall remit one check made payable to Ms. Perry based upon and reported as regular wages. The gross wages payable shall be $14,854.16, subject to required withholdings as follows: Federal: $2,603.14, State: $871.23, FICA: $918.36 and Medicare: $214.78. Thus, the net amount of the check for wages will be $10,246.65. Such check shall be delivered to Plaintiff's counsel. Defendant shall remit another check made payable to LoRusso Law Firm, P.C. in the amount of $4,440.81, to be reported on a form 1099, by delivering same to Plaintiff's counsel, representing all attorneys' fees and costs incurred on Plaintiff's behalf. ***Plaintiff***

FINAL                                              -1-

*specifically is aware of, and agrees with, the amount of attorneys' fees and costs to be paid to her counsel for representing her interests in this matter.*

4. Counsel for Plaintiff agrees to hold these checks in escrow until such time as the Court enters an order approving the Settlement Agreement and dismissing the case with prejudice. Should the Court not approve this Settlement Agreement the Parties shall not be prevented from modifying said settlement agreement and pursuing other efforts to present an agreement that is acceptable to the Court. If the parties are not successful in reaching a settlement agreement acceptable to the Court, the funds held in escrow shall be returned to Defendant, upon request by Defendant.

5. In the event that Plaintiff or Defendant commence an action for damages, injunctive relief, or to enforce the provisions of the Settlement Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorneys' fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

6. By this Agreement and the consideration called for therein as part of this settlement, Plaintiff fully and unconditionally releases any and all claims against the City of Conyers under the Fair Labor Standards Act which were raised or could have been raised in the lawsuit styled <u>Tanya Perry v. the City of Conyers, Georgia</u>, Civil Action File 1:14-cv-713-MHS, currently pending in the United States District Court, Northern District of Georgia.

7. Plaintiff and Defendant agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Settlement Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

8. This Settlement Agreement may be executed in counterparts and an executed version of this Settlement Agreement, if transmitted by facsimile or if scanned and emailed, shall be effective and binding as if it were the originally executed document.

9. This Settlement Agreement supersedes all prior agreements and understandings between Plaintiff and Defendant. No cancellation, modification, amendment, deletion, addition, or other changes in this Settlement Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiff and an authorized representative of Defendant.

10. The law governing this Agreement shall be that of the United States and the State of Georgia.

(Signatures on next page)



DATE: 4/9/14           Signature: _Tanya Perry_
                                  Tanya Perry

DATE: 4·14·14          Signature: _____
                                  The City of Conyers, Georgia

                                  By: Tony Lucas, City Manager

FINAL                         -3-